IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

MALAK KAZAN,

      Plaintiff,

v.

CITY OF DEARBORN HEIGHTS; CITY
OF DEARBORN HEIGHTS POLICE
DEPARTMENT; JOHN DOE POLICE
OFFICERS (in their official capacity);
POLICE CHIEF LEE GAVIN (in his
official capacity);

      Defendants.

CIVIL ACTION NO. _____

DEMAND FOR JURY TRIAL

## **COMPLAINT**

Plaintiff, MALAK KAZAN ("Ms. Kazan") sues Defendants CITY OF DEARBORN HEIGHTS, CITY OF DEARBORN HEIGHTS POLICE DEPARTMENT, JOHN DOE POLICE OFFICERS, in their official capacity, POLICE CHIEF LEE GAVIN, in his official capacity, (referred to collectively as "Defendants") and states:

Plaintiff Ms. Kazan seeks relief from the substantial burdens that the City of Dearborn Heights, its officers, and its agents unlawfully imposed on the practice of her religion. Ms. Kazan is a practicing Muslim American who was stopped for a traffic violation in the City of Dearborn Heights. Upon being stopped, a City of Dearborn Heights Police Officer noticed that Ms. Kazan's license had been suspended and she was subsequently arrested for a traffic misdemeanor offense.

Upon arrival at the Dearborn Heights Police Department, Ms. Kazen was taken into custody and was required to go through the booking process. As part of the booking process, Ms. Kazan was asked to remove her headcovering for the booking photograph. When Mrs. Kazan verbally expressed her disappointment and concern, the Police Officer indicated that this was Department Policy and she had no other options. Ms. Kazan then requested that a female police officer conduct the photograph as opposed to a male and the Dearborn Heights Police Officer denied that request and threatened to further her detention if she did not comply. Ms. Kazan was forced to remove her headcovering in violation of her religious beliefs, and prohibited by Defendants from wearing her headcovering while in custody. As a result of the foregoing deprivations of her First, Fourth, and Fourteenth Amendment rights, as well as her rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-2(a) ("RLUIPA"), Mrs. Kazan suffered severe discomfort, humiliation and emotional distress.

## JURISDICTION AND VENUE

1.     This action arises under 42 U.S.C. § 1983 and the laws and Constitution of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000cc-2(a), and directly under the Constitution.

2.     This Court has personal jurisdiction over Defendants in that they maintain systematic and continuous contacts with Michigan, reside in Michigan,

do business in the State of Michigan, committed illegal acts intended to and that did cause harm to Ms. Kazan in the State of Michigan.

3. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and at least one of the Defendants resides in this District.

## PARTIES

4. Plaintiff Malak Kazan is a Muslim American woman who resides in Wayne County. In accordance with her religious beliefs and as a part of the exercise of her religion, Ms. Kazan wears a headscarf covering her hair, ears, neck and part of her chest when she is in public and when she is in the presence of men who are not members of her immediate family.

5. Defendant City of Dearborn Heights is a corporate body, subject to suit, established by and operating pursuant to a City Charter permitted under the laws of the State of Michigan.

6. Defendant John Doe Police Officers ("Officer JOHN DOES") were at all times pertinent hereto a law enforcement officer acting under color of law for purposes of 42 U.S.C. § 1983. At all times pertinent hereto Officer JOHN DOES were employed by the City of Dearborn Heights, Michigan, as a police officer. Officer JOHN DOES are sued in their official capacity.

7.      Defendant City of Dearborn Heights Police Department is a municipal corporation, duly organized, and carrying on governmental functions in the County of Wayne State of Michigan.

8.      Defendant Police Chief Lee Gavin ("Chief Gavin") was at all times pertinent hereto a law enforcement officer acting under color of law for purposes of 42 U.S.C. § 1983. At all times pertinent hereto Chief Gavin was employed by the City of Dearborn Heights, Michigan, as a police chief. Chief Gavin is sued in his official capacity.

## FACTUAL ALLEGATIONS

### Ms. Kazan Religious Practice of Wearing a Headscarf

9.      Many Muslim women wear a headscarf, also known as a hijab, in accordance with their religious beliefs that are based on their understanding of the Koran, the primary holy book of the Muslim religion; the *hadith*, oral traditions coming from the era of the Prophet Mohammed; and other religious texts and interpretations. The word hijab comes from the Arabic word "hajaba," which means to hide or screen from view or to cover.

10.     As part of her religious faith and practice, Ms. Kazan wears a headscarf, covering her hair, ears, neck, and part of her chest, when in public and when she is at home, if she is in the presence of men who are not part of her immediate family.

11.     Ms. Kazan has studied religious texts, thought deeply, and prayed about her practice of covering her head and hair. To Ms. Kazan, wearing a headscarf is a reminder of her faith, the importance of modesty in her religion, and her religious obligations, as well as a symbol of her own control over who may see the more intimate parts of her body.

12.     For Ms. Kazan, to have her hair and neck uncovered in public – particularly in the presence of men who are not part of her immediate family – is a serious breach of faith and religious practice, and a deeply humiliating, violating, and defiling experience that substantially burdens her religious practice.

Ms. Kazan's Booking Process

13.     On the afternoon of July 09, 2014, Ms. Kazan was stopped by a Dearborn Heights Police Officer for a traffic violation.

14.     Upon being stopped, the Police Officer realized that Ms. Kazan's license had been suspended and she was arrested for a traffic misdemeanor of driving while license suspended.

15.    Ms. Kazan was transferred to the Dearborn Heights Police Department and was required to go through the booking process.

16.    Ms. Kazan was asked to remove her headcovering for the purpose of the booking photograph.

17.    Ms. Kazan indicated to Officer John Doe that she could not remove her headscarf because it would be a violation of her faith.  Officer John Doe told Ms. Kazan that the prohibition on headscarf was the policy and that there were no exceptions.

18.    Officer John Doe did not explain to Ms. Kazan any alternative procedure that would allow her to wear her headscarf during the booking process.

19.    Ms. Kazan verbally expressed to Officer Mullis that this policy was discriminatory. Ms. Kazan also stated that "this is wrong" and "it is my religion."

20.    Officer John Doe responded by stating that Ms. Kazan could discuss this matter with his supervisor.

21.    Ms. Kazan spoke with the supervising officer and again it was demanded that she remove her headscarf.

22. Ms. Kazan then requested that she be assisted by a female police officer in order to conduct the booking photo, and this request was denied.

23. Ms. Kazan stated that she did not feel comfortable removing her headcovering in front of male officers and Officer John Doe indicated that if she did not comply with their demands, she would be detained for longer.

24. Ms. Kazan was then required to remove her headcovering and conduct the booking photo.

<u>Defendants' Culpability</u>

25. On information and belief, Defendant City of Dearborn Heights and its employees and agents prohibited Ms. Kazan from wearing her religious headcovering pursuant to a City of Dearborn Heights custom, practice or official policy.

26. Alternatively, based on information and belief, Defendant City of Dearborn Heights and its employees and agents prohibited Ms. Kazan from wearing her religious headcovering pursuant to a custom, practice, or official policy implemented by the Defendant Police Chief Gavin or other officers employed by the City of Dearborn Heights Police Department, which was ratified by the City of Dearborn Heights or which the City of Dearborn Heights failed to address.

27. Specifically, Officer John Doe and his supervisor, knowing Ms. Kazan wore a headdress for religious purposes, made her remove it and required her to be without her headdress while she was confined in holding.

28. Upon information and belief, Officer John Doe and his supervising officer, knowing Ms. Kazan wore a headdress for religious purposes, required her to be without her headdress while she was confined in holding.

29.     The prohibition on Ms. Kazan's use of a religious headcovering pursuant to the above-described custom, practice, or policy violated her right to the free exercise of her religion, violated her rights under federal law, and caused her extreme mental and emotional distress.

30.     On information and belief, the City of Dearborn Heights and the City of Dearborn Height Police Department was aware or should have been aware that officers engaged in the practice of prohibiting the wearing of religious headcoverings such as a hijab, and that such prohibition would violate Plaintiff's right to free exercise of religion, violate her rights under federal law and cause her extreme mental and emotional distress. Defendant City of Dearborn Heights and the City of Dearborn Heights Police Department, however, failed to prevent officers from prohibiting Ms. Kazan from wearing her religious headscarf, either by training those officers, exercising its control over those officers, or adequately supervising those officers. Nor did Defendant City of Dearborn Heights and the City of Dearborn Heights Police Department, having knowledge of its officers' prohibition on the wearing of religious headcoverings, remediate or redress those officers' conduct.

31.     Defendants had no reasonable basis to believe that their actions in prohibiting Ms. Kazan from practicing her religion were lawful. The right that she sought to exercise and the fact that Defendants' actions violated that right were clearly established and well settled law as of July 09, 2014. In particular, Defendants should have known about the clearly established law prohibiting them from imposing a substantial burden on religious exercise in the absence of a compelling government interest. Accordingly, Defendants should have known that causing or allowing officers to prohibit Ms. Kazan from wearing her religious headscarf would violate Ms. Kazan's right to the free exercise of her religion, violate her rights under federal law, causing her extreme mental and emotional distress, and would subject Defendants John Doe Police Officers to liability in their official capacities.

32.     In failing to adequately train, control, and supervise its officers and in failing to implement a policy that safeguards the religious rights of individuals such as Mrs. Kazan, Defendants herein demonstrated reckless indifference to Mrs. Kazan's constitutional rights.

33.     In requiring Mrs. Kazan to remove her headscarf after being told that she wore the scarf for religious reasons, Defendants acted with reckless indifference to Mrs. Kazan's constitutional rights.

**FIRST CLAIM**
Violation of Religious Land Use and Institutionalized Persons Act 42
U.S.C. §§ 2000cc et seq.
(Against All Defendants)

Plaintiff incorporates the above paragraphs as though fully set forth here.

34.     Under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person  – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

35.     While confining Ms. Kazan in an institution that receives federal funding, Defendants substantially burdened the practice of her religion by requiring her to remove her headdress in the presence of strangers.

36.     By their actions described above, including by requiring Ms. Kazan to remove her religious headscarf and by prohibiting Ms. Kazan from covering her head with her headscarf, including in the presence of male officers, Defendants imposed a substantial burden on Ms. Kazan's religious exercise in that they forced Ms. Kazan's to violate a fundamental tenet of her faith and a central component of her religious practice. That substantial burden neither furthers a compelling governmental interest nor is the least restrictive means of furthering a compelling governmental interest.

37.     Accordingly, Defendants have violated Ms. Kazan's rights under RLUIPA. As a result of Defendants' conduct, Ms. Kazan suffered, and continues to suffer, extreme shame, humiliation, mental anguish, and emotional distress.

38.     The aforesaid acts of Defendants have injured Ms. Kazan in an amount to be determined at trial.

Violation of the First Amendment
As Incorporated through the Fourteenth Amendment 42
U.S.C. § 1983
(Against All Defendants)

Plaintiff incorporates the above paragraphs as though fully set forth here.

39.     The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

40.     By their actions described above, including, but not limited to, forcing Ms. Kazan to remove her headscarf and prohibiting Ms. Kazan from covering her head with her headscarf, including in the presence of male officers, Defendants denied Ms. Kazan the right to free exercise of religion and free expression, as guaranteed by the First Amendment to the Constitution of the United States and incorporated against the States through the Fourteenth Amendment.

41.     As a result of Defendants' conduct, Ms. Kazan suffered, and continues to suffer, extreme humiliation, shame, mental anguish, and emotional distress.

42.     The aforesaid acts of Defendants have injured Ms. Kazan in an amount to be determined at trial.

43.     The aforesaid acts of Defendants have caused, and unless restrained by this Court, will continue to cause irreparable damage, loss, and injury to Ms. Kazan for which Ms. Kazan has no adequate remedy at law.

44.     Indeed, Ms. Kazan will likely have to return to courthouse for a traffic or other type of hearing and may again suffer irreparable damage, loss, and injury as a result of

Defendants' conduct.

45. Ms. Kazan is entitled to a preliminary and thereafter a permanent injunction prohibiting Defendants from committing and continuing to commit their unlawful acts.

46. Ms. Kazan is entitled to a preliminary and thereafter a permanent injunction requiring Defendant City of Dearborn Heights and the City of Dearborn Heights Police Department to: (1) modify its current policy regarding the wearing of headscarf so that it specifically allows headscarf worn for religious purposes; and (2) provide appropriate training regarding the modified policy.

**PRAYER FOR RELIEF**

Plaintiff, MALAK KAZAN, therefore respectfully requests that the Court enter a judgment, including, but not limited to:

a. Compensatory damages in an amount to be proven at trial;

b. Punitive damages in an amount to be proven at trial;

c. Economic damages;

d. Costs and reasonable attorneys' fees;

e. Permanent injunctive relief against Defendants enjoining Defendants from engaging in the unlawful practices described in this Complaint;

f. Such additional and further relief as the Court deems just and equitable.

**PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.**

Dated: January 20, 2014             By____/s/ Amir I. Makled_____
                                    Amir I. Makled
                                    Michigan Bar No. P76306
                                    makled.amir@gmail.com
                                    14650 W. Warren Ave, Suite 200
                                    Dearborn, MI 48126
                                    Phone (313) 582-7930
                                    Facsimile (313) 582-7962